941 F.2d 1208
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Newton LOHR, a/k/a Uncle Bob, Defendant-Appellant.
 No. 90-5842.
 United States Court of Appeals, Fourth Circuit.
 Submitted June 26, 1991.
Decided Sept. 3, 1991.
 
 Appeal from the United States District Court for the Northern District of West Virginia, at Elkins. Robert R. Merhige, Jr., Senior District Judge. (CR-89-199)
 Thomas R. Michael, Michael & Kupec, Clarksburg, W.Va., for appellant.
 Thomas O. Mucklow, Assistant United States Attorney, Wheeling, W.Va., for appellees.
 N.D.W.Va.
 AFFIRMED.
 Before DONALD RUSSELL and MURNAGHAN, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Robert Newton Lohr pled guilty to each count of an eightcount indictment alleging conspiracy to distribute LSD* (21 U.S.C. § 846), distribution of LSD (21 U.S.C. § 841), and use of a communication facility in the commission of a felony (21 U.S.C. § 843). He appeals the sentence imposed and we affirm.
 
 
 2
 Lohr maintains that due process and equal protection are violated by the use of the gross weight of LSD and the blotter paper which is the carrier medium in the determination of his sentence. This argument fails because the Supreme Court has recently held, in Chapman v. United States, 59 U.S.L.W. 4530 (U.S.1991), that § 841 requires the use of both the LSD and the carrier medium when calculating the sentence, and that the statute does not violate due process or equal protection by producing arbitrarily disparate sentences.
 
 
 3
 Lohr also contends that the district court erred in finding that he was a manager or supervisor in the offense. Under U.S.S.G. § 3B1.1(b), the offense level should be increased by three levels if the defendant is a manager or supervisor and the offense involves more than five people or is otherwise extensive. Lohr conceded at sentencing that he had numerous customers who came to his home to buy LSD and that his girlfriend assisted him in distributing LSD at concerts in the area. On these facts, the district court found that Lohr managed the distribution of LSD from his home. Because it appears that he supervised at least one person in a criminal activity which, although it did not involve five or more people, was "otherwise extensive", we cannot say that the district court's finding is clearly erroneous.
 
 
 4
 We therefore affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 5
 AFFIRMED.
 
 
 
 *
 Lysergic acid diethylamide